579 F.2d 367
 DAYTONA BEACH RACING AND RECREATIONAL FACILITIES DISTRICT, a
body politic and corporate under the laws of the State of
Florida, and International Speedway Corporation, a Florida
Corporation, Plaintiffs-Appellants,
v.
COUNTY OF VOLUSIA, a political subdivision of the State of
Florida, et al., Defendants-Appellees.
 No. 78-1634
 
 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Sept. 1, 1978.
 Nathan Lewin, James E. Rocap, III, Washington, D. C., Thomas T. Cobb, S. LaRue Williams, Daytona Beach, Fla., for plaintiffs-appellants.
 Raymond, Wilson, Conway, Barr & Burrows, William M. Barr, Daytona Beach, Fla., for County of Volusia, James Bailey, Robert D. Summers.
 Robert L. Shevin, Atty. Gen., Harold F. X. Purnell, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for J. Edward Straughn, Dept. of Revenue, State of Florida.
 Appeal from the United States District Court for the Middle District of Florida.
 Before THORNBERRY, GEE and FAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1955, the Florida legislature exempted from taxation racing and recreational facilities to be acquired or constructed by the plaintiff, Daytona Beach Racing and Recreational Facilities District. Subsequently, plaintiff, International Speedway Corporation, subleased land from the District and constructed a racing facility. In 1973, the Florida legislature repealed the tax exemption.
 
 
 2
 The plaintiffs brought suit in United States district court in 1974 alleging that the Florida legislature's action violated the Impairment of Contract Clause.[1] The district court dismissed the action holding that the Tax Injunction Act of 1937, 28 U.S.C. § 1341, prohibited relief since the State of Florida provided a "plain, speedy, and efficient remedy" in state court.[2] We affirmed without opinion. Daytona Beach Racing and Recreational Facilities District v. County of Volusia, 512 F.2d 1404 (5 Cir. 1975).
 
 
 3
 The plaintiffs then amended a pending state suit to include their constitutional claim. The plaintiffs, however, did not offer any evidence to the Florida trial court relating to their constitutional contention. The Florida trial court found for the plaintiffs on state grounds and the defendants appealed. The Florida Supreme Court reversed the trial court and the United States Supreme Court dismissed the appeal for lack of a substantial federal question. Daytona Beach Racing and Recreational Facilities District v. County of Volusia, 341 So.2d 498 (Fla.1977), Appeal dismissed, 434 U.S. 804, 98 S.Ct. 32, 54 L.Ed.2d 61 (1977).
 
 
 4
 The plaintiffs again brought suit in federal court contending that the Florida Supreme Court improperly rejected their constitutional argument since no evidence was presented on the issue in the Florida trial court. The district court dismissed the action holding that the Supreme Court's dismissal in the prior action was dispositive on the constitutional claim. We need not consider this argument since it is plain that the Tax Injunction Act of 1937 still bars the federal courts from assuming jurisdiction in this suit. The Act states:
 
 
 5
 The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State. June 25, 1948, c. 646, 62 Stat. 932.
 
 
 6
 28 U.S.C. § 1341.
 
 
 7
 All that is required is that the state must provide a "plain, speedy and efficient remedy" in the courts of the state. This Florida has done, and the plaintiffs' failure to present any evidence and argument to the Florida state court will not make the Florida remedy improper. The plaintiffs cannot fail to take advantage of the state remedy and then litigate in federal court.
 
 
 8
 The plaintiffs' first suit was barred because the State of Florida provided a proper remedy for the litigation of their claim, and the plaintiffs' second suit is barred for the same reason. See Kiker v. Hefner, 409 F.2d 1067 (5 Cir. 1969).
 
 
 9
 The district court was correct in dismissing the action because it is without jurisdiction to hear the matter.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I
 1 U.S.Const. Art. 1, § 10.
 
 
 [2]
 The Order dismissing the action under the Tax Injunction Act of 1937 is reproduced below:
 This cause came on before the Court for a hearing on the motion of all the defendants, County of Volusia, Robert Bolin, Robert D. Summers, and J. Ed Straughn, to dismiss the complaint. The undisputed facts are that the plaintiffs seek to challenge in this court on federal constitutional claims the action of the Legislature of Florida in terminating a previously enacted tax exemption granted to the plaintiffs. 1
 
 
 [1]
 Section 13 of Florida Statutes, Chapter 31343, enacted in 1955 provided that no taxes or assessments were to be levied upon any of the racing and recreational facilities that were constructed pursuant to the Act. In 1973, Fla. Statutes Chapter 73-647 was enacted which repealed Section 13 of Chapter 31343, Laws of Florida, 1955, thus eliminating plaintiffs' tax exempt status
 The plaintiffs have also filed in the State Courts of Florida a challenge to the same statute eliminating their tax exemption based upon alleged state grounds. The defendants contend that Section 1341, Title 28 United States Code, precludes this Court from considering this case and that plaintiffs must look to the State Courts for relief, including the federal constitutional grounds raised by them.FC In view of Great Lakes Dredge & Dock Company v. C. C. Huffman, 319 U.S. 293 (63 S.Ct. 1070), 87 L.Ed. 1407 (1943) and Bland v. McHann, 463 F.2d 21 (5th Cir., 1972), the position of the defendants appears to have merit in that this Court finds that the plaintiffs have a "plain, speedy, and efficient remedy" in the state courts. 2 28 United States Code § 1341.
 
 
 [2]
 FSA § 194.171, the predecessor to which the Fifth Circuit has found satisfied the requirements of 28 U.S.C. § 1341. Carson v. City of Ft. Lauderdale, 293 F.2d 337 (5th Cir., 1961)
 The plaintiffs presented the ingenuous argument that, based on cases not involving state taxes, this court should retain jurisdiction of this case so as to permit the plaintiffs to litigate in the state courts only their state claims and then, if unsuccessful, to pursue for the first time their federal claims in this court.
 While such a procedure has been authorized for nonstate tax issues, it is not the procedure specifically approved in state tax matters. It is, therefore
 ORDERED that the motion to dismiss be and is hereby granted and this case is dismissed.
 DONE AND ORDERED in Chambers at Orlando, Florida, this 7th day of November, 1974.