**Ruthie Mae MOTON et al., Plaintiffs,**

v.

**A. C. LAMBERT et al., Defendants.**

**No. GC 80–222–WK–O.**

United States District Court,
N. D. Mississippi,
Greenville Division.

March 6, 1981.

Barry H. Powell, Jackson, Miss., for plaintiffs.

W. Dean Belk, Richard G. Noble, Tommie McWilliams, Indianola, Miss., Peter M. Stockett, Jr., Asst. Atty. Gen., Jackson, Miss., John C. McLaurin and Lem Adams, Brandon, Miss., for defendants.

## MEMORANDUM OPINION

KEADY, Chief Judge.

In this § 1983 civil rights action, plaintiffs, parents of black children attending public schools in Sunflower and Rankin Counties, Mississippi, bring suit on behalf of themselves and a class of all parents of black children attending public schools in the State of Mississippi, against the Mississippi State Tax Commission, Sunflower and Rankin Counties, which are sued as representatives of a class of defendants defined as all counties in the state within whose taxing jurisdiction exist private racially segregated primary or secondary schools, and the Cities of Indianola, Inverness, Brandon, and Pelahatchie, which are sued as representatives of a class of defendants defined as all municipalities in the state within whose taxing jurisdiction exist private racially segregated primary or secondary schools. At issue is the constitutionality of Miss.Code Ann. § 27–31–1(d)[1] and § 27–65–29(f)(6)[2] insofar as they are applied to grant state, county, or municipal sales or property tax exemptions to any private school in the State of Mississippi which engages in racial discrimination in admissions policies for students and employment of faculty and staff.[3]

The defendants have moved to dismiss the complaint on several alternative grounds. The parties have presented legal memoranda and have argued the motion orally before the court. After careful consideration, we deny the motion on all grounds raised.

*Application of 28 U.S.C. § 1341.* Defendants first maintain that this action is barred by 28 U.S.C. § 1341 which provides:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

It has long been established by the Fifth Circuit, however, that § 1341 does not apply to suits wherein the requested remedy is the collection of additional taxes and not the enjoining or suspension of taxes. See *Hargrave v. McKinney,* 413 F.2d 320 (5 Cir. 1969); *Bland v. McHann,* 463 F.2d 21 (5 Cir. 1972); *Appling County v. Municipal Electric Authority of Georgia,* 621 F.2d 1301, 1304 (5 Cir. 1980). Since plaintiffs demand that taxes be collected and not enjoined, it is quite clear that § 1341 does not operate to bar this action.

*Abstention.* Defendants next contend that, even if § 1341 is inapplicable, the court should nevertheless abstain from as-

---

1. That section of the Mississippi Code exempts from ad valorem taxation, inter alia, "[a]ll property, real or personal, belonging to an individual, institution or corporation and used for the operation of a grammar school, junior high school, high school or military school."

2. That section of the Mississippi Code exempts from sales taxation:

   Sales to elementary and secondary grade schools, junior and senior colleges owned and operated by a corporation or association in which no part of the net earnings inures to the benefit of any private shareholder, group or individual, and which are exempt from federal income taxation, provided that this exemption does not apply to sales of property which is not to be used in the ordinary operation of the school, or which is to be resold to the students or the public.

3. No attack upon either statute is made upon the facial constitutionality of these statutes extending tax exemptions to public and non-public desegregated schools.

suming jurisdiction since plaintiffs have an independent remedy available in state court.[4] The argument is that abstention is appropriate since state and federal courts have concurrent jurisdiction over § 1983 actions and since this action is one of high state interest. For several reasons, we find defendants' plea of abstention uncompelling.

This is not a case where decision of a federal constitutional question may be avoided by disposition of state law questions as in *Askew v. Hargrave*, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971).[5] While it is true that this case has high state interest, the same could be said of any suit brought to declare unconstitutional the application of a state statute. The federal courts are in the business of passing on the constitutionality of such statutes, and the fact that state courts also have jurisdiction over such claims hardly requires litigants to seek redress from those courts. Indeed, if this were the case federal courts could hear only those cases in which exclusive jurisdiction is vested in the courts of the United States.

*Failure to State a Claim.* Relying on *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972), defendants assert that plaintiffs have failed to state a claim upon which relief can be granted because the state tax exemptions to private segregated schools do not constitute state action sufficient to confer jurisdiction through 42 U.S.C. § 1983. We disagree. This is not a case such as *Moose Lodge* and others cited by defendants wherein private institutions were sued for racial discrimination; rather, plaintiffs seek

only to enjoin defendants from granting favorable tax benefits to private racially segregated schools, alleging that such aid "has a significant tendency to facilitate, reinforce, and support private discrimination." *Norwood v. Harrison*, 413 U.S. 455, 466, 93 S.Ct. 2804, 2811, 37 L.Ed.2d 723, 732 (1973); *Gilmore v. City of Montgomery*, 417 U.S. 556, 569, 94 S.Ct. 2416, 2424, 41 L.Ed.2d 304 (1973); see Second Amended Complaint ¶ 15. This allegation is clearly sufficient to state a claim under the equal protection clause of the fourteenth amendment to the United States Constitution and to confer this court with jurisdiction. See *Bishop v. Starkville Academy*, 442 F.Supp. 1176 (N.D. Miss.1977) (three-judge court).

*Lack of Standing.* Defendants' most serious challenge to the bringing of this suit, perhaps, is that, under *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 96 S.Ct. 1917, 48 L.Ed.2d 450 (1976), plaintiffs lack standing since they fail to allege that any private racially desegregated school within this state will cease to operate if the school is denied the exemptions from taxes under attack.

In *Simon*, plaintiffs were indigents who alleged that they had been denied provision of low-cost medical services because of a determination by the Internal Revenue Service that the hospitals were tax-exempt, nonprofit organizations. The court held that plaintiffs lacked standing to bring suit since it was speculative whether their injury would be redressed by a determination that the IRS ruling was invalid in that it was just as likely as not that the hospitals would continue to deny medical services to indigents even though the hospitals were

---

4. Since defendants do not contend that adequate administrative remedies in Mississippi are available for plaintiffs to assert tax exemptions are being unlawfully granted to segregated schools, the recent decision of the Fifth Circuit in *Patsy v. Florida International University*, 634 F.2d 900 (5 Cir. 1980) (en banc) which held that failure to exhaust state administrative remedies may bar some actions brought under § 1983, has no application to this case. The existence of a state judicial remedy is, of course, totally irrelevant to federal court § 1983

jurisdiction. *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961).

5. The Fifth Circuit has recently held, on the basis of the district court's decision, that judicial abstention is not required merely because a suit seeks to require the collection of additional taxes. *Appling, supra. A. Bonding Co. v. Sunnuck*, 629 F.2d 1127 (5 Cir. 1980), relied on by defendants, is not on point. That case was an action seeking to enjoin the collection of state taxes, contrary to the express letter of the Tax Injunction Act.

**370**

not accorded favored tax treatment. *Id.* at 42–46, 96 S.Ct. at 1926–28, 426 U.S. cited at 40–47, 96 S.Ct. cited at 1925–28, 48 cited at 462–65.

The applicability of the *Simon* rationale must be weighed against the court's holding in *Norwood*, where this federal district court first dismissed plaintiffs' action seeking to prohibit the state from furnishing free textbooks to private segregated schools because there was no showing that "any child enrolled in private school, if deprived of free textbooks, would withdraw from private school and subsequently enroll in the public schools." 340 F.Supp. 1003, 1013 (three-judge court). In reversing, the Supreme Court stated:

> We can accept this factual assertion; we cannot and do not know, on this record at least, whether state textbook assistance is the determinative factor in the enrollment of any students in any of the private schools in Mississippi. We do not agree with the District Court in its analysis of the legal consequences of this uncertainty, for the Constitution does not permit the State to aid discrimination even when there is no precise causal relationship between state financial aid to a private school and the continued well-being of that school. A state may not grant the type of tangible financial aid here involved if that aid has a significant

tendency to facilitate, reinforce, and support private discrimination.

*Norwood, supra,* 413 U.S. at 465–66, 93 S.Ct. at 2810–11, 37 L.Ed.2d at 731–32. Since *Norwood* was not overruled by the *Simon* Court, we deem it controlling.[6] *Simon* may also be distinguished from the case sub judice since it did not involve the question of racial discrimination prohibited by the fourteenth amendment. We therefore conclude that plaintiffs have standing to bring this action.

 *Statute of Limitations.* The argument that Mississippi's statute of limitation bars this suit since the challenged statutes were enacted more than six years prior to the commencement of this action is patently frivolous. The aid to private schools continues to this day.

Accordingly, it is

ORDERED:

That defendants' motions to dismiss be and the same hereby are denied, and they are directed to answer the second amended complaint within twenty (20) days from this date.

---

**6.** The fears of the dissenting justices in *Simon* that the decision might require minority school-children to show that private segregated schools would close in the absence of governmental aid hardly suggests that the majority intended the decision to overrule the line of cases cited as examples in the dissent. *See* 426 U.S. at 63–64, 96 S.Ct. at 1936–37, 48 L.Ed.2d at 475 (Brennan and Marshall, concurring in the judgment and dissenting).