United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2003

Charles R. Fulbruge III
Clerk

**Revised July 7, 2003**

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30493

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF LOUISIANA

Plaintiff-Appellee,

VERSUS

CYNTHIA BRIDGES, SECRETARY OF THE
LOUISIANA DEPARTMENT OF REVENUE

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DeMOSS and STEWART, Circuit Judges, and LITTLE,[1] District
Judge.

DeMoss, Circuit Judge:

Plaintiff-Appellee American Civil Liberties Union Foundation

of Louisiana (the AACLU@) commenced this action in the United

States District Court for the Eastern District of Louisiana

against Brett Crawford, predecessor of Defendant-Appellant

_____

[1] District Judge for the United States District Court for
the Western District of Louisiana sitting by designation.

Cynthia Bridges, as Secretary of the Louisiana Department of Revenue (the AState@), seeking to have several Louisiana tax statutes declared unconstitutional and to enjoin the State=s enforcement of these statutes.  Following an interlocutory appeal on questions of standing and abstention that was dismissed as improvidently granted, the district court signed a judgment stipulated to by the parties making permanent, and therefore appealable, the court=s earlier preliminary injunction and declaratory relief which found that the State=s statutes violated the Establishment Clause of the First Amendment.  The State appeals, contesting the rulings of the district court on issues implicating the Tax Injunction Act, the ACLU=s standing, and abstention as well as comity.  Because we find as a threshold matter, that jurisdiction was inappropriate, we make no judgment concerning the issues of standing, abstention, comity, or the substantive merits of the constitutional challenge.

## BACKGROUND

In 1998, the Louisiana legislature amended and reenacted LA. REV. STAT. ' 47:301(6) and ' 33:4574.1(A)(1)(b) and enacted LA. REV. STAT. ' 47:301(8)(d) and (e), and (14)(b)(iv), to exclude specified property owned by nonprofit religious organizations from the definition of Ahotel@ and Aplaces of amusement,@ to except churches and synagogues from paying sales and use taxes

2

when purchasing bibles, or literature used for religious instruction classes, and to define Aperson@ to exclude the Little Sisters of the Poor relative to particular purchases. The intent of the Legislature was to exempt those establishments from paying state and local sales and use taxes, provided that revenue generated from the exempted property, or publications acquired, be used for religious purposes.

The statutes thus enacted and amended, or enacted anew, currently read, in pertinent part, as follows:

LA. REV. STAT. ' 47:301(6)(b)

> For purposes of the sales and use taxes of all tax authorities in this state, the term Ahotel@ as defined herein shall not include camp and retreat facilities owned and operated for religious purposes by nonprofit religious organizations, which includes recognized domestic nonprofit corporations organized for religious purposes, provided that the net revenue derived from the organization=s property is devoted wholly to religious purposes. For purposes of this Paragraph, the term Ahotel@ shall include camp and retreat facilities, which sell rooms or other accommodations to transient guests. However, Atransient guest@ for purposes of this Paragraph shall not include guests who participate in organized religious activities, which take place at such camp or retreat facilities. It is the intention of the legislature to tax the furnishing of rooms to those who merely purchase lodging at such facilities.

LA. REV. STAT. ' 47:301(8)(d)

> (i) For purposes of the payment of the state sales and use tax and the sales and use tax levied by any political subdivision, the term Aperson@ shall not include a church or synagogue that is recognized by the United States Internal Revenue Service as entitled to

3

exemption under Section 501(c)(3) of the United States Internal Revenue Service Code.

(ii)  The secretary of the Department of Revenue shall promulgate rules and regulations defining the terms Achurch@ and Asynagogue@ for purposes of this exclusion. The definitions shall be consistent with the criteria established by the U.S. Internal Revenue Service in identifying organizations that qualify for church status for federal income tax purposes.

(iii)  No church or synagogue shall claim exemption or exclusion from the state sales and use tax or the sales and use tax levied by any political subdivision before having obtained a certificate of authorization from the secretary of the Department of Revenue.  The secretary shall develop applications for such certificates.  The certificates shall be issued without charge to the institutions that qualify.

(iv)   The exclusion from the sales and use tax authorized by this Subparagraph shall apply only to purchases of bibles, song books, or literature used for religious instruction classes.

LA. REV. STAT. ' 47:301(8)(e)

(i) For purposes of the payment of the state sales and use tax and the sales and use tax levied by any political subdivision, the term Aperson@ shall not include the Society of the Little Sisters of the Poor.

(ii)  The secretary of the Department of Revenue shall promulgate rules and regulations for purposes of this exclusion.  The definitions shall be consistent with the criteria established by the U.S. Internal Revenue Service in identifying tax-exempt status for federal income tax purposes.

(iii)  No member of the Society of the Little Sisters of the Poor shall claim exemption or exclusion from the state sales and use tax or the sales and use tax levied by any political subdivision before having obtained a certificate of authorization from the secretary of the Department of Revenue.  The secretary shall develop applications for such certificates. The certificates

4

shall be issued without charge to the entities which qualify.

LA. REV. STAT. ' 47:301(14)(b)(iv)

For purposes of the sales and use taxes of all tax authorities in the state, the term Aplaces of amusement@ as used herein shall not include camp and retreat facilities owned and operated for religious purposes by nonprofit religious organizations, which includes recognized domestic nonprofit corporations organized for religious purposes, provided that the net revenue derived from the organization=s property is devoted wholly to religious purposes.

LA. REV. STAT. ' 33:4574.1(A)(1)(b)

The word Ahotel@ as used herein shall not include camp and retreat facilities owned and operated for religious purposes by nonprofit religious organizations, which includes recognized domestic nonprofit corporations organized for religious purposes, provided that the net revenue derived from the organization=s property is devoted wholly to religious purposes.

In 2000, the ACLU filed this suit seeking to have these statutes declared unconstitutional and to enjoin the State=s enforcement of these statutes through preliminary and, eventually, permanent injunctions. The Secretary of the Louisiana Department of Revenue was named defendant, and thereafter his successor was substituted.

The State filed a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure arguing that the Tax Injunction

5

Act prevented the court from hearing the case and the ACLU filed an opposition. Following argument, the district court denied the State=s motion and ordered the State to file a memorandum addressing abstention and the sufficiency of state court remedies; after which the ACLU filed a response. Later, the district court ordered the parties to submit memoranda on the issue of standing.

The district court eventually denied both the State=s challenge to the ACLU=s standing and the State=s request that the district court abstain from hearing this case. The district court nevertheless certified both the abstention and standing issues for interlocutory appeal under ' 1292(b).

A panel of this Court granted the State=s petition for permission to appeal those interlocutory orders. Thereafter, however, the panel dismissed without prejudice the State=s interlocutory appeal as improvidently granted.

Then the district court granted the ACLU=s motion for preliminary injunction and declaratory relief. The court found that the statutes violated the Establishment Clause of the First Amendment. The parties then entered into a stipulated judgment, which was signed by the district court, granting a permanent injunction against the State, with reservation of the right to

6

appeal by both parties on any and all issues stemming from the court=s ruling on the preliminary injunction.

The State now appeals, contesting the rulings of the district court on whether the court was barred by the Tax Injunction Act from exercising jurisdiction, whether the ACLU has standing, and whether the district court should have abstained or whether principles of comity prevent the federal court from deciding the case. Because, we find that the Tax Injunction Act of 1937, 28 U.S.C. ' 1341, prevents the federal district court from hearing this challenge to the State=s tax scheme, we reverse the district court=s denial of the State=s Rule 12(b) motion to dismiss and remand the case with instructions for the court to dismiss for lack of jurisdiction. Because the district court lacked jurisdiction, we do not address on appeal any of the other issues.

## DISCUSSION

Whether the district court was prevented from exercising jurisdiction over the case because of the Tax Injunction Act is a question of subject matter jurisdiction subject to *de novo* review. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The Tax Injunction Act states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of

7

any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. ' 1341. According to the Supreme Court, this statutory text should be interpreted to advance its purpose of "confin[ing] federal court intervention in state government . . . ." *Ark. v. Farm Credit Servs. of Cent. Ark.,* 520 U.S. 821, 826-827 (1997) (citations omitted). We have stated that the statute Ais meant to be a *broad* jurisdictional impediment to federal court interference with the administration of state tax systems.@ *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979) (emphasis added).

ABy its terms, the Act bars anticipatory relief, suits to stop (>enjoin, suspend or restrain=) the collection of taxes@ and also suits seeking to have state tax laws declared unconstitutional. *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 433 (1999); *Cal. v. Grace Brethren Church,* 457 U.S. 393, 408 (1982). ABut a suit to collect a tax is surely not brought to restrain state action, and therefore does not fit the Act=s description of suits barred from federal district court adjudication.@ *Jefferson County, Ala.*, 527 U.S. at 433-34 (citation omitted).

There has never been any dispute among the present parties concerning whether Louisiana provides a Aplain, speedy and

8

efficient remedy,@ but rather the entire dispute has focused on whether the Tax Injunction Act prevents the federal district court from deciding a case in which the plaintiff seeks to have tax Aexemptions,@ which are not specifically enumerated as an area outside of federal jurisdiction in the language of the Act, declared unconstitutional. According to the district court, this suit involves the collection of a state tax and therefore the district court found that the Tax Injunction Act did not require dismissal of the action. The ACLU argues that this dispute concerns tax exemptions and not the Aassessment, levy, or collection@ of a tax and therefore the Tax Injunction Act does not apply. The State argued in its Rule 12(b) motion to dismiss and again on appeal that the Tax Injunction Act prevents the federal district court from exercising jurisdiction over this case because this case does not involve the State suing to collect taxes but rather a challenge to the assessment of state taxes through the State=s exemption process and any challenge can be brought in state court.

We conclude that this case involves a putative taxpayer seeking to prevent the State from carrying out the current tax system by having a portion of that tax system declared unconstitutional; a case that because of the Tax Injunction Act, cannot be heard in federal district court. Our holding is based

9

on three determinations.  First, this is not a suit by the State to collect a tax.  Second, assessment of exemptions is encompassed by the Act.  Third, this Circuit=s precedent and the purpose of the Act indicate that the federal district court should not have exercised jurisdiction over this case.

First, the district court erred in holding that this case involved the collection of a tax and therefore the Tax Injunction Act did not bar jurisdiction.  Supreme Court and Fifth Circuit cases where the Tax Injunction Act has been held inapplicable involved a state, a state subdivision or an agent of a state seeking to collect a tax from an individual taxpayer or a group of individual taxpayers, not a plaintiff seeking to have a state tax law declared unconstitutional.  *Jefferson County, Ala.*, 527 U.S. at 427-28 (involving a county=s attempt to collect taxes from a group of taxpayers)*; Appling County v. Mun. Elec. Auth. of Ga.*, 621 F.2d 1301, 1303 (5th Cir. 1980) (involving a county suing a group of taxpayers to collect taxes)*; Louisiana Land and Exploration Co. v. Pilot Petroleum Corp.*, 900 F.2d 816, 818 (5th Cir. 1990) (involving someone Aacting merely as an agent of the state for the collection and payment of the tax to the state@ suing to collect a tax).  Further, it is not necessarily true that declaring the exemptions to be unconstitutional will result in the State collecting more taxes and therefore this suit is not

10

a de facto suit to collect taxes. In fact even as the ACLU argues, just the opposite could occur, the State may resolve any putative constitutional problems created by the challenged statutes by exempting more entities and therefore collecting less taxes.

Second, although the ACLU claims that this dispute involves tax exemptions and not the Aassessment, levy or collection of any tax,@ a dictionary definition of Aassessment@ indicates exemptions are also within the Act=s jurisdictional bar. As ordinarily defined, assessment means Athe entire plan or scheme fixed upon for charging or taxing.@ Webster=s Third New International Dictionary 131 (1981). The challenged exemptions in this case are part of Athe entire plan or scheme fixed upon for charging or taxing@ in the State of Louisiana. Even a more precise definition of assessment, such as Adetermining the share of a tax to be paid by each of many persons@ or Athe process of ascertaining and adjusting the shares respectively to be contributed by several persons@ would include within it exemptions that are granted, like the challenged exemptions, to organizations so that these organizations do not have to pay the taxes they would have had to pay but for the exemptions. Black=s Law Dictionary 116-17 (6th Ed. 1990). In fact, as the State points out in its brief, part of the Aassessment@ process is

11

determining whether an individual or organization qualifies for an exemption. Based on our review of the definition of assessment, we conclude that this present challenge to exemptions is within the Act˷s jurisdictional bar.

We realize that our conclusion concerning exemptions as an area encompassed in the assessment process and therefore within the Tax Injunction Act˷s jurisdictional bar is both consistent and inconsistent with what other circuit courts have held concerning challenges to state tax schemes. Our holding is consistent with *In re Gillis*, a decision of the Sixth Circuit holding that the principles underlining the Tax Injunction Act prevented the federal district court from addressing an action brought by taxpayers claiming that Kentucky was assessing property taxes at a rate lower than the state should have, even though the result sought by the plaintiffs would have forced Kentucky to collect more in taxes. 836 F.2d 1001, 1005-06 (6th Cir. 1988). Our holding is inconsistent with *Winn v. Killian*, a decision of the Ninth Circuit holding that the Tax Injunction Act did not prevent the federal district court from hearing a case challenging the constitutionality of tax credits granted to private schools in Arizona. 307 F.3d 1011, 1020 (9th Cir. 2002).

In *Winn*, the Ninth Circuit cited several cases as supporting its holding that can be distinguished from the present case. Two

12

circuit court cases were cited by the Ninth Circuit.  The often cited Fifth Circuit case of *Hargrave v. McKinney*, which delved into the legislative history of the Tax Injunction Act, was cited to in *Winn*.  413 F.2d 320, 325-26 (5th Cir. 1969).  *Hargrave*, however, is inapposite to the present case because, as the *Hargrave* Court noted in its Αexceedingly narrow@ holding, it was only reversing a district court decision refusing to request that a three-judge court be convened to address a suit seeking to compel the full collection and disbursement of county taxes.  *Id*. at 326.  The statutory law applicable in *Hargrave* is not present in this case.  Likewise, the Seventh Circuit case of *Dunn v. Carey* was cited in *Winn* but is inapplicable to the present case because *Dunn* only supports the proposition that taxpayers can use the federal courts to assert a claim for the collection of taxes imposed by a federal consent decree and the Tax Injunction Act does not prevent jurisdiction over such a suit.  808 F.2d 555, 558-59 (7th Cir. 1986).  There is not a federal consent decree at issue in the present case.[2]

---

[2] Two district court cases were also cited by the *Winn* court as supportive of their decision but are equally unpersuasive to us.  *Winn* cited *Moton v. Lambert*, in which a district court found that the Tax Injunction Act did not bar the court from hearing a civil rights action brought by parents of black children challenging the constitutionality of certain tax exemptions that applied to only racially segregated schools.  508 F. Supp. 367, 368 (N.D. Miss. 1981).  In the *Moton* decision, however, there is very little discussion of the Tax Injunction Act and the case was not appealed.  *Id*.  *Winn* also cited *Rojas v. Fitch,* a case in which a district court allowed jurisdiction in a suit challenging

Third, this Circuit has always interpreted the Act broadly. We have stated: AThe concept that section 1341 is not a narrow statute aimed only at injunctive interference with tax collection, but is rather a broad restriction on federal jurisdiction in suits that impede state tax administration, has continued to gain credence in the federal courts.@ *United Gas Pipe Line Co.*, 595 F.2d at 326. Moreover, this Circuit has held that federal district courts were prohibited from deciding disputes involving tax related concepts or functions similar to exemptions due to the jurisdictional limitations imposed by the Tax Injunction Act. *Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. 1982) (involving the dissolution of tax liens); *United Gas Pipe Line Co.*, 595 F.2d at 323 (involving the application of tax refunds); *Daytona Beach Racing and Recreational Facilities Dist. v. Volusia County*, 579 F.2d 367, 368 (5th Cir. 1978),(involving the repealing of tax exemptions).

In *Dawson,* this Court held that A[i]n dissolving a lien on property, a federal court interferes with the state's fiscal

---

the constitutionality of exempting religious organizations from unemployment tax. 928 F. Supp. 155, 159-60 (D. R.I. 1996), *affirmed on other grounds*, 127 F.3d 184 (1st Cir. 1997). The *Rojas* court ultimately upheld the exemption as constitutional. *Id*. at 167. However, the First Circuit has since indicated, in *Hardemon v. City of Boston*, that the merits should not have been reached without further inquiry into the jurisdictional question. 144 F.3d 24, 25-26 (1st Cir. 1998).

program just as surely as if it enjoined collection or assessment of the tax itself@ and therefore jurisdiction was inappropriate. 665 F.2d at 710. In *United Gas*, this Circuit held that a suit concerning a tax refund was within the scope of the Act and therefore could not be heard in federal district court. 595 F.2d at 326. In *Daytona Beach*, this Circuit held that the Tax Injunction Act prevented the federal court from exercising jurisdiction over a case where a taxpayer was challenging the actions of a state legislature in repealing a previously granted tax exemption. 579 F.2d at 369. Although our analysis focused on whether a state remedy was available, we assumed the Tax Injunction Act was a jurisdictional bar to hearing a challenge to the repealing of state tax exemptions. *Id*. Therefore, the precedent of this Circuit, which is in accordance with the purpose of the Act, dictates that the Tax Injunction Act prohibits the district court from hearing this case.

However, this does not mean the ACLU is left with no other recourse. For example, after a review of the history of the Act we noted in *Bland v. McHann* that, AWe are convinced that both long standing policy and congressional restriction of federal jurisdiction in cases involving state tax administration make it the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer

15

may maintain a suit to challenge a state tax.  The taxpayer may assert his federal rights in the state courts and secure a review by the Supreme Court.@  463 F.2d 21, 24 (5th Cir. 1972).  That is precisely what the Tax Injunction Act requires the ACLU to do, *i.e.*, first challenge the Louisiana statutes in Louisiana and if need be secure review by the Supreme Court.

CONCLUSION

Having carefully reviewed the record of this case, the parties= respective briefing and arguments, and for the reasons set forth above, we reverse the decision of the district court and remand the case with instructions for the district court to dismiss for lack of jurisdiction under the Tax Injunction Act.

**REVERSED AND REMANDED**