United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

---

**No. 00-40627**

---

**JON MICHAEL WITHROW,**

**Plaintiff-Appellant,**

**versus**

**JOSEPH C. ROELL; JERRY BALLARD; PETRA GARIBAY; J. REAGAN, M.D.,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court
for the Southern District of Texas
(C-97-CV-256)**

---

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JOLLY, JONES, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

In 2002, we held in this *pro se* appeal that, without the express written consent of the parties, a magistrate judge does *not* have jurisdiction to try a civil action. *Withrow v. Roell*, 288 F.3d 199, 204 (5th Cir. 2002); *see* 28 U.S.C. § 636(c). The Supreme Court reversed and remanded, holding such consent can be implied through the parties' conduct. *Roell v. Withrow*, 123 S. Ct. 1696, 1703 (2003). Accordingly, before us is the merits-issue not considered in our previous decision: whether the evidence at trial

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was sufficient to support the jury's finding Defendants' care of Plaintiff did not violate the Eighth Amendment. **AFFIRMED**.

## I.

This 42 U.S.C. § 1983 action by Jon Michael Withrow, Texas prisoner # 675379, claimed Defendants — members of the prison medical staff where he was incarcerated — violated his Eighth Amendment rights. Withrow claimed: Defendants were deliberately indifferent to his medical needs after he suffered a broken leg; and, as a result, he was forced to undergo a complicated surgery that left him permanently disabled.

Withrow's claims against Ballard were dismissed pre-trial. The jury found for the remaining defendants (Defendants).

## II.

A challenge to the sufficiency of the evidence must be raised by a FED. R. CIV. P. 50(a) motion for judgment as a matter of law at the conclusion of all the evidence. *E.g., **Lincoln v. Case***, 340 F.3d 283, 290 (5th Cir. 2003); ***Flowers v. S. Reg'l Physician Serv.***, 247 F.3d 229, 238 (5th Cir. 2001); ***United States ex rel. Wallace v. Flintco, Inc.***, 143 F.3d 955, 960 (5th Cir. 1998). Withrow did not do so. Accordingly, "[i]f any evidence exists that supports the verdict, it will be upheld". ***Lincoln***, 340 F.3d at 290 (citing ***Flowers***, 247 F.3d at 238).

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual punishment when they demonstrate

2

deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. **Wilson v. Seiter**, 501 U.S. 294, 297 (1991). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference". **Farmer v. Brennan**, 511 U.S. 825, 837 (1994). Unsuccessful medical treatment, acts of negligence or medical malpractice, or a prisoner's disagreement with prison officials regarding medical treatment do not constitute an unconstitutional denial of medical care. **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1991); **Norton v. Dimazana**, 122 F.3d 286, 292 (5th Cir. 1997).

Withrow's claim is based substantially on his assertion that Garibay, a nurse at the prison, mis-diagnosed him as not having a broken ankle, which led to delay in his receiving treatment. Garibay testified, however, that she had not diagnosed Withrow because she was not qualified to do so. Therefore, evidence supports the verdict that Garibay was not deliberately indifferent.

Withrow also contends that the treatment by prison physician Dr. Reagan was deliberately indifferent because Dr. Reagan refused to send Withrow to a hospital before having his leg X-rayed, despite knowing that no X-ray technician was available. Withrow testified, however, that an X-ray technician was located two hours

3

later.  Therefore, evidence supports the verdict that Dr. Reagan was not deliberately indifferent.

Next, Withrow claims that prison physician Dr. Roell delayed sending Withrow to the hospital because of cost concerns.  Dr. Roell testified, however:  he had to wait for clearance from the hospital because it had no orthopedic beds open at the time of Withrow's injury; and any delay in treatment was because of Withrow's stable medical condition and the treatment that already had been rendered by the prison medical staff.  Therefore, evidence supports the verdict that Dr. Roell was not deliberately indifferent.

Finally, Withrow contends that his level of care was constitutionally deficient.  The verdict is supported by evidence of sufficient care provided him by the prison medical staff, including X-rays, Tylenol, treatment with a splint, immobilization, ice, and elevation.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*