DOMENGEAUX, Judge.
This is a summary proceeding wherein the State of Louisiana, Plaintiff-Appellee, filed a “rule for taxes” against United Vegetable Growers Association, Inc., Defendant-Appellant, to collect taxes due under LSA-R.S. 3:451 et seq., the proceeds of which are used to expand the market and increase the consumption of sweet potatoes. The rule was instituted under the provisions of LSA-R.S. 13:5031. Judgment was granted against defendant in the amount sued for, and the Planters Trust and Savings Bank of Opelousas was ordered to deposit the amount of the judgment, held by it on behalf of defendant, into the registry of the District Court. Defendant appeals to this court. We affirm.
LSA-R.S. 13:5031 et seq. provide the vehicle by which the State of Louisiana can expeditiously, by rule, proceed to collect its taxes. This procedural collection devise has been declared constitutional. State v. Sinclair Refining Co., 195 La. 288, 196 So. 349, appeal dismissed, 311 U.S. 609, 61 S.Ct. 39, 85 L.Ed. 386.
The trial court held that the defenses claimed by defendant were not timely filed as required by LSA-R.S. 13:5032, and consequently could not be considered. The latter statute reads as follows:
All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Code of Practice.
The procedural chronology of events in this case are as follows:
Suit was filed June 19, 1970. The trial judge signed the rule to show cause on June 22, 1970, and fixed July 3, 1970, as the’date for the hearing on the rule. Service of the rule was made on June 29, 1970. On July 1, 1970, defendant, by written motion received a continuance by the trial judge, and the hearing was re-fixed for July 22, 1970. On July 22, 1970, defendant filed an answer setting out certain defenses, and after stipulations made between the parties, judgment was rendered on that date in favor of plaintiff, State of Louisiana.
The defendant herein filed its answer, in which were set out its defenses, on July 22, 1970. This was nineteen days after the date first fixed for hearing. Thus, its defenses, even if valid, were not timely «filed, and the trial judge was correct in not considering same.
The provisions of LSA-R.S. 13:5032 are clear. The then existing Orleans Court of Appeal in the case of State v. Ernest M. Loeb Co., La.App., 8 So.2d 739, commented on Act 14 of the Second Extra Session of the 1935 Legislature, the source statute of *28 13:5032, and stated that this section embodies a peremptory edict to the courts to refuse to consider defenses unless they are presented at one time prior to the time fixed for the hearing'. In this case, the court said:
It is evident, from a reading of the statute, that the legislature sought to provide, in addition to all other existing procedure, an expeditious remedy having, as its sole object, any matters involving the public fisc; a procedure summary in character and this at an end to facilitate and accelerate the determination and trial of all claims of the State and its departments for taxes, excises and licenses. Accordingly, in the hearing and determination of these tax claims, the legislature exacted explicit functions and duties of the courts and litigants and commanded their observance. The statute provides that ‘all defenses, whether by exception or to the merits, made or intended to be made * * * must be presented at one time and filed * * * prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed.’ (Italics ours.) The language used is plain and unambiguous and embodies a peremptory edict directed to courts enjoying original jurisdiction in such claims.
Recently, in the case of St. John The Baptist Parish School Board v. Marbury-Pattillo Construction Co., La., 254 So.2d 607, the Supreme Court held that under a similar statute utilizing the same language as to the time for filing defenses, defenses not filed by the date first fixed for a hearing were waived.
Should the provisions of 13:5032 appear’ harsh, it is evident that the legislature meant it to be.
Under the clear language of the statute and the jurisprudence, we are powerless to consider defendant’s contentions that the tax in question is not assessable to it.
A review of the record shows that defendant was afforded adequate notice to be heard. R.S. 13:5031 provides that the rule in such a case be fixed for hearing not less than two nor more than ten days after notice to the defendant or opposing party. The statute was complied with in this instance. The record further discloses that adequate proof of its claim against the defendant was presented by the State of Louisiana, and accordingly, the District Court was correct in awarding judgment as prayed for.
For the above and forgoing reasons the judgment of the District Court is affirmed. Costs are assessed to appellant.
Affirmed.