Jack A. STEPHENS, Plaintiff-Appellee,

v.

**PORTAL BOAT COMPANY,**
Defendant-Appellant.

No. 85–3251.

United States Court of Appeals,
Fifth Circuit.

Jan. 29, 1986.

Burke & Mayer, James G. Burke, Jr., New Orleans, La., for defendant-appellant.

Gutierrez & Hand, Salvador E. Gutierrez, Jr., Mary Ann Hand, New Orleans, La., for plaintiff-appellee.

Before ALVIN B. RUBIN, JOHNSON and EDITH HOLLAN JONES, Circuit Judges.

**OPINION**

EDITH HOLLAN JONES, Circuit Judge:

This appeal arises out of the dismissal on jurisdictional grounds of appellant's law-

suit challenging the imposition of certain Louisiana state taxes. Finding no error, we AFFIRM.

Various sales and use taxes were assessed by taxing authorities of the Parish of St. Bernard, Louisiana, against appellant Portal Boat Company for the period 1981 through February, 1982. Appellant acknowledges that it had been "in correspondence" with the taxing authorities since 1983, and it allegedly faced inconsistent and duplicative tax assessments from several parishes. A state court Rule for taxes was filed by Stephens pursuant to La.Rev. Stat.Ann. § 47:1574 on the afternoon of Friday, February 25, 1985, and set for hearing March 1. On February 28, Portal attempted to remove the proceedings from state court to the United States District Court for the Eastern District of Louisiana, where it filed its answer to the Rule. The parties dispute the exact time that appellee was informed of Portal's removal petition. However, appellant neither made an appearance at the state court hearing on March 1, nor did it contact the state court to request a continuance as the statute permitted it to do, nor did it advise the state court of removal. The state trial judge, faced with non-appearance by appellant, granted appellee's Rule and rendered judgment in favor of the taxing authorities in accordance with the procedure established in La.Rev.Stat.Ann. § 47:1574.

■ Upon learning of the judgment, counsel for Portal moved in federal court to set aside the state court judgment, on the ground that the trial court had lost jurisdiction by virtue of the removal.[1] The taxing authorities obtained an expedited motion to dismiss the federal action, and the district court dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1341.

The district court's disposition was clearly correct. The federal courts have been correctly circumscribed in exercising jurisdiction over state tax disputes, by virtue of § 1341, which provides:

"The district court shall not enjoin, suspend, or restrain the assessment, levy, or collection of any tax under state law where a plain, speedy and efficient remedy may be had in the courts of such state."

■ Portal asserts that the state assessment and expedited collection procedures provided by La.Rev.Stat.Ann. § 47:1574 violate constitutional standards of due process because it was given only three days' notice of hearing on the Rule.[2] It also suggests that its currently pending state appeal of that judgment will come to naught because subsequent to the federal court's dismissal, the state court ruled that Portal could not pay the taxes under protest and seek recovery under the statutes due to the fact that a judgment had already been obtained by Stephens pursuant to the summary proceedings. See La.Rev.Stat. Ann. § 47:1561. Thus, Portal's second argument is that it has been denied a "plain, speedy and efficient remedy" in state court. This Circuit, however, has given short shrift to both of Portal's contentions. First, in *Bland v. McHann,* 463 F.2d 21 (5th Cir.1972), the court held that allegations of deprivation of federal constitutional rights in connection with state tax collections could not defeat the proper application of § 1341, and it dismissed a lawsuit seeking to enjoin the collection of state property taxes based on a disputed increase in the assessed valuation of plaintiff's property. See also *Bussie v. Long,* 383 F.2d 766 (5th Cir.1967). Second, in

---

**1.** This contention was erroneous; a removal is not effective until notice is given to the state court. *Dukes v. South Carolina Insurance Company,* 770 F.2d 545 (5th Cir.1985); C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, Jurisdiction § 3737 (1985).

**2.** Portal does not state that Louisiana procedures were not followed in this respect. The statute requires no less than two nor more than

ten days' notice to the taxpayer, and its constitutionality has been repeatedly upheld by Louisiana courts. *State v. Standard Oil Co. of Louisiana,* 188 La. 978, 178 So. 601 (1938); *State v. Sinclair Refining Co.,* 195 La. 288, 196 So. 349 (1940); *Collector of Revenue v. Olvey,* 238 La. 980, 117 So.2d 563 (1959); *State of Louisiana v. United Vegetable Growers Ass'n,* 260 So.2d 26 (La. 3d Cir.1972).

*Ford Motor Credit Co. v. Louisiana Tax Commission,* 440 F.2d 675 (5th Cir.1971), the court held that Ford's failure to comply with applicable Louisiana procedures did not compel a finding that there was no "plain, speedy and efficient remedy" in the state courts for review of its tax dispute. Ford had simply failed to avail itself of the remedy. Portal may, like Ford, have inadvertently undermined its own resort to state remedies in this case, by failing to appear at the hearing on the Rule for taxes, but well-established precedent regarding § 1341 in this Circuit precludes access to the federal courts on that basis.[3]

■ Appellee has asked that Portal be sanctioned for pursuit of this appeal. Although Portal's briefs have demonstrated a lack of assiduousness that is surprising for counsel who have represented Portal throughout this case, we do not find Portal's position to be frivolous—merely erroneous and poorly presented.

For the Forementioned reasons, the judgment of the district court is AFFIRMED.

---

3. *Daytona Beach Racing and Recreational Facilities District v. County of Volusia,* 579 F.2d 367 (5th Cir.1978); *Kiker v. Hefner,* 409 F.2d 1067 (5th Cir.1969); *Henry v. Metropolitan Dade County,* 329 F.2d 780 (5th Cir.1964); *Charles R. Shepherd, Inc. v. Monaghan,* 256 F.2d 882 (5th Cir.1958). See also *United Gas Pipeline Company v. Whitman,* 595 F.2d 323, 331 (5th Cir.1979), which noted, "the general rule is that the availability of a refund action satisfies § 1341's requirement that an adequate state remedy exists. The Supreme Court specifically declared the Louisiana refund procedure adequate in *Great Lakes Dredge & Dock Company v. Huffman,* 319 U.S. [293] at 301, [63 S.Ct. 1070 at 1074, 87 L.Ed. 1407 (1943) ]."