DeMOSS, Circuit Judge:
Denise Washington, Andry & Andry LLC, and Isabelle Montelepre (“Appellants”), individually and on behalf of others similarly situated, commenced this action in the United States District Court for the Eastern District of Louisiana against Line-barger, Goggan, Blair, Pena & Sampson, LLP, formerly known as Heard, Linebar-ger, Graham, Goggan, Blair, Pena & ■ Sampson, LLP, United Governmental Services of Louisiana, Inc., and The City of New Orleans (“Appellees”), challenging the constitutionality of a 1998 City of New Orleans ordinance authorizing the collection of delinquent ad valorem taxes through private parties and assessing an additional thirty percent penalty for collection costs. Code City of New Orleans § 150-46.3, Ord. No. 18637. In 2002, this ordinance was amended by Ordinance No. 020556, which provided a “legal mechanism to challenge the imposition of collection penalties by paying such penalties under protest....”
The Appellants are putative class members who represent different classes of current or past owners of property for which ad valorem taxes were delinquent. The Appellants do not challenge the constitutionality of the assessment of the underlying ad valorem taxes but rather the City’s imposition of an additional thirty percent collection penalty. The Appellees are The City of New Orleans along with the law firm and the collection agency who contracted with The City of New Orleans to collect delinquent ad valorem taxes, penalties, and interest on behalf of the City. In exchange for their services the law firm and collection agency received thirty percent of the delinquent taxes, penalties, and interest they actually collected.
Appellees filed a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure arguing that the Tax Injunction Act of 1937, 28 U.S.C. § 1341, prevented the court from hearing the case. Appellants filed an opposition. On May 14, 2002, the district issued an Order and Reasons dismissing the case for lack of jurisdiction due to the Tax Injunction Act.
Appellants now appeal the Order of the district court dismissing the case. Appellants claim that the penalty is not a “tax” but rather a fee and therefore the Tax Injunction Act does not apply. Appellants also argue that there was no remedy available to them in state court until the ordinance was amended in 2002 and it appears Appellants argue that there remains no remedy available in state court despite the amendment and therefore the Tax Injunc *444 tion Act does not bar jurisdiction in the federal district court. Appellees argue that the penalty is a tax and remedies are available in the state system for all Appellants and therefore the district court was correct in dismissing the case.
We agree with the district court that the Tax Injunction Act prevents the federal district court from hearing this challenge to The City of New Orleans’s ordinance and therefore affirm the district court’s granting of Appellees’ motion to dismiss.
Whether the district court was prevented from exercising jurisdiction over the case because of the Tax Injunction Act is a question of subject matter jurisdiction which we review de novo. Home Builders Ass’n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir.1998) (citation omitted). The Tax Injunction Act states: “The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.” 28 U.S.C. § 1341. According to the Supreme Court, this statutory text should be interpreted to advance its purpose of “confin[ing] federal-court intervention in state government....” Ark. v. Farm Credit Servs. of Cent. Ark., 520 U.S. 821, 826-827, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997) (citations omitted). We have stated that the statute “is meant to be a broad jurisdictional impediment to federal court interference with the administration of state tax systems.” United Gas Pipe Line Co. v. Whitman, 595 F.2d 323, 326 (5th Cir.1979).
A “bifurcated analysis” is used to determine whether the Tax Injunction Act applies. Home Builders Ass’n of Miss., 143 F.3d at 1010. First, it must be determined whether the ordinance imposes a tax or a regulatory fee. Id. If the imposition is a fee, then the Tax Injunction Act does not apply and jurisdiction may be appropriate. Id. Second, even if the ordinance imposes a tax, the federal district court may still have jurisdiction if the state does not provide a plain, speedy and efficient remedy. Id.
First, Appellants argue that the penalty is more like a regulatory fee than a tax. We have held that the distinction between a tax and a fee is “a spectrum with the paradigmatic fee at one end and the paradigmatic tax at the other.” Neinast v. Texas, 217 F.3d 275, 278 (5th Cir. 2000) (citation omitted). Accordingly, we agree with the district court for the reasons stated in its Order, that the challenged penalty “is inexorably tied to the tax collection itself, which ‘sustains the essential flow of revenue to the government.’” District Court Order and Reasons, 3-4 (citing Home Builders Ass’n of Miss., 143 F.3d at 1011.). Moreover, this Circuit has held that federal district courts are prohibited from deciding disputes involving tax related concepts or functions similar to this ad valorem penalty due to the jurisdictional limitations imposed by the Tax Injunction Act. See, e.g., Dawson v. Childs, 665 F.2d 705, 710 (5th Cir.1982) (involving the dissolution of tax liens).
Further, as the district court noted, the plain language of the Tax Injunction Act’s jurisdictional limitation is not focused on taxes only, but rather the broader activities of assessing, levying, and collecting taxes. The challenged ordinance states that the additional penalty is to “defray the costs of collection.” Code City of New Orleans § 150-46.3, Ord. No. 18637. Therefore, because of the Tax Injunction Act, this challenge to the collection of taxes cannot be heard in federal district court.
Second, as the district court Order noted, the availability of the Louisiana protest provision, La.Rev.Stat. § 47:2110, or a *445 state declaratory action, indicate that Appellants can bring their challenge in state court. The pending state court actions, similar to this challenge, are an indication that Appellants could have brought a state action. The district court also was correct in finding that just because Appellants may face formidable defenses in state court, including prescription, this does not mean that a “plain, speedy and efficient remedy” is unavailable in state court. See, e.g., Henry v. Metro. Dade County, B29 F.2d 780 (5th Cir.1964); Stephens v. Portal Boat Co., 781 F.2d 481 (5th Cir.1986). As we have stated, the Appellants potential failure in state court “provides no basis for circumventing the jurisdictional bar imposed by the Tax Injunction Act.” Smith v. Travis County Educ. Dist., 968 F.2d 453, 456 (5th Cir.1992) (citations omitted).
Finally, as we noted in our recent opinion in ACLU Found, of La. v. Bridges, 2003 WL 21362357, 334 F.3d 416 (5th Cir. 2003), affirming the district court’s dismissal does not mean Appellants are left with no option. For example, after a review of the history of the Act we noted in Bland v. McHann, that “We are convinced that both longstanding judicial policy and congressional restriction of federal jurisdiction in cases involving state tax administration make it the duty of federal courts to withhold relief when a state legislature has provided an adequate scheme whereby a taxpayer may maintain a suit to challenge a state tax. The taxpayer may assert his federal rights in the state courts and secure a review by the Supreme Court.” 463 F.2d 21, 24 (5th Cir.1972). That is precisely what the Tax Injunction Act requires the Appellants to do, ie., first challenge the New Orleans ordinance in Louisiana courts and, if need be, secure review by the Supreme Court.
Having carefully reviewed the record of this ease, the parties’ respective briefing and arguments, for the reasons set forth above and the reasons articulated by the district court in its Order, we affirm the decision of the district court dismissing the case.
AFFIRMED.