**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 2, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51372
Summary Calendar
_____

LONNIE D. CLARK; RUBEN WHITE,

                                        Plaintiffs-Appellants,

versus

ANDREWS COUNTY APPRAISAL DISTRICT; ANDREWS COUNTY, TEXAS;
ROYCE UNDERWOOD, Tax Assessor-Collector for
Andrews County, Texas,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-02-CV-119
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Lonnie D. Clark (Clark) and Ruben White (White) appeal the

dismissal of their suit against various taxing authorities of

Andrews County, Texas, alleging violations of their due process

and equal protection rights guaranteed under the Fifth and

Fourteenth Amendments.  Clark and White asserted that the Andrews

County taxing authorities assessed their property at a much

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

higher value than comparable properties and ignored their requests for an administrative hearing before the local tax board. The district court dismissed the suit for lack of subject matter jurisdiction, finding that the action was barred by the Tax Injunction Act, 28 U.S.C. § 1341.

The Tax Injunction Act prohibits the federal district court from exercising jurisdiction over a suit to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Clark and White could adjudicate their claims fully in Texas state court. See McQueen v. Bullock, 907 F.2d 1544, 1547-50 (5th Cir. 1990). They "have not demonstrated that the state courts have refused to entertain their federal claim[s]" or "that their state remedy is uncertain or speculative." See Smith v. Travis County Education District, 968 F.2d 453, 456 (5th Cir. 1992).

Thus, the Texas state courts provide Clark and White with "plain," "speedy," and "efficient" remedies, and the federal court is barred from reviewing their claims by the Tax Injunction Act. See McQueen, 907 F.2d at 1550. The district court did not err in dismissing Clark and White's claims for lack of subject matter jurisdiction. See id. Accordingly, the district court judgment is AFFIRMED.