United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20707
Summary Calendar

JON M. MEADOWS,

Plaintiff-Appellant,

versus

PAUL BETTENCOURT, Harris County
Tax Assessor-Collector,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CV-650

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jon M. Meadows appeals the FED. R. CIV. P. 12(b)(1) dismissal for lack of jurisdiction of his 42 U.S.C. § 1983 complaint, asserting that his due process and equal protection rights were violated when he was denied certain tax reductions to the assessed value of his home which had been granted to his similarly situated neighbor. Because Texas provided Meadows with a "plain, speedy, and efficient" remedy for his tax complaint, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tax Injunction Act, 28 U.S.C. § 1341, bars federal jurisdiction, and the complaint was properly dismissed.  See McQueen v. Bullock, 907 F.2d 1544, 1547 & n.9 (5th Cir. 1990).

The fact that Meadows did not fully pursue the avenues available to him under state law does not invalidate the jurisdictional bar created by § 1341.  See Washington v. Line-barger, Goggan, Blair, Pena & Sampson, LLP, 338 F.3d 442, 445 (5th Cir. 2003); Stephens v. Portal Boat Co., 781 F.2d 481, 483 (5th Cir. 1986).  Meadows' reliance on Allegheny Pittsburgh Coal Co. v. County Comm'n of Webster County, 488 U.S. 336 (1989) is misplaced. The Tax Injunction Act was not implicated in that case due to the fact that the plaintiffs had first pursued relief under state law and received Supreme Court review upon certiorari from the state supreme court decision.  See id. at 339-42.

To the extent that Meadows argues that he has no remedy under state law because he does not challenge the accuracy of the taxes he paid but essentially seeks to increase his neighbor's taxes, his claim is undermined by the plain language of his complaint, wherein he requests a refund in the amount of taxes he alleges he overpaid in 2002 and 2003.

The district court's judgment is **AFFIRMED**.