United States Court of Appeals
Fifth Circuit

**F I L E D**

April 12, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

———————————

No. 06-50947

(Summary Calendar)

———————————

LONNIE D. CLARK; RUBEN WHITE,

Plaintiffs - Appellants,

versus

ANDREWS COUNTY APPRAISAL DISTRICT; ROYCE UNDERWOOD, Andrews County Tax Collector; ANDREWS COUNTY TEXAS,

Defendants - Appellees.

———————————————————————————————

Appeal from the United States District Court
For the Western District of Texas
USDC Docket No. 7:05-CV-154

———————————————————————————————

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Lonnie D. Clark and Ruben White ("appellants"), acting *pro se*, bring this suit under 42

---

    [*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

U.S.C. § 1983 to challenge the constitutionality of Texas state property tax assessments, which the appellants allege were excessive and discriminately applied. The district court declined to reach the merits; rather, it granted the appellees' Rule 12(b)(1) motion to dismiss for lack of jurisdiction⟩finding that federal jurisdiction was barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, because the appellants failed to exhaust available state remedies.

We have already ruled on this case once before. Prior to initiating this present action, the appellants filed essentially the same claim in federal court, which a district court then dismissed for lack of jurisdiction. In *Clark v. Andrews County Appraisal Dist.*, 76 Fed. Appx. 525, 526 (5th Cir. 2003), we held that Texas state remedial procedures were available and that the appellants could have, but had not, availed themselves of those procedures. *Id.* at *2. At that time, we affirmed the district court's prior dismissal for lack of jurisdiction under the TIA. *Id.* at *3.

Since that decision, nothing has changed to warrant a different outcome in this case. The appellants continue to argue that a letter sent on March 23, 1998 to numerous tax officials should count as an attempt to initiate the administrative review procedures. But the appraisal review board will only schedule a protest hearing if the parties file a notice of protest. Tex. Tax Code § 41.44(a), (d). The March 23rd letter, which stated only that appellants wished to meet with the tax officials to discuss the property tax assessment, failed to meet the statutory requirements for a notice of protest. Tex. Tax Code § 41.44(d).[2] On April 7, 1998, one of the tax officials sent a letter to the appellants noting that the March 23rd letter was insufficient to prompt a protest hearing and

_____

[2] This is consistent with the state court judgment on this same issue: "This [letter] in itself, however, is wholly insufficient to show that they were entitled to judicial review of a final determination from the appraisal review board." *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch.*, 2005 Tex. App. LEXIS 7020, at *19 (Tex. App.)⟩El Paso, Aug. 25, 2005).

suggested the appellants file a protest form. Further, if the appellants thought the letter should have prompted a protest hearing, they could have asked state courts to compel the board to provide a hearing. Tex. Tax Code § 41.45(f). We conclude that the appellants failed to exhaust available state remedies.

Appellants make two other arguments. First, they argue that this is not really a tax case but is actually a discrimination case. This argument fails because "[b]asing a complaint upon alleged violation of civil rights, 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983 or of the Federal Constitution will not avoid the prohibition contained in Section 1341." *Hickmann v. Wujick*, 488 F.2d 875, 876 (2d Cir. 1973). Second, appellants argue that exhaustion of state remedies is not required, but this court has held otherwise. *See Bland v. McHann*, 463 F.2d 21, 24 (5th Cir. 1972) ("We do not disagree with the general rule that exhaustion is not required in § 1983 cases; however, in this case § 1983 collides full force with a specific congressional limitation on federal jurisdiction. In such circumstances we are convinced that § 1341 must prevail.").

Although we construe *pro se* briefs liberally, we cannot construe the appellants' brief to cure the jurisdictional defects apparent in this case. An extensive review of the record reveals that the appellants did not exhaust available state remedies. Therefore, the district court did not err in dismissing the appellant's claim for lack of jurisdiction. Accordingly, the district court's judgment is AFFIRMED.