# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2008

Charles R. Fulbruge III
Clerk

No. 08-40138

THAMES SHIPYARD & REPAIR CO, also known as
The Thames Shipyard & Repair Company

Plaintiff-Appellant

v.

GALVESTON CENTRAL APPRAISAL DISTRICT;
GALVESTON COUNTY APPRAISAL REVIEW BOARD

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:07-CV-125

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Thames Shipyard & Repair Co. appeals the district court's dismissal of its case for want of subject matter jurisdiction. Plaintiff contends that its suit to invalidate a state tax assessment on a dry dock does not fall within the Tax Injunction Act, 28 U.S.C. § 1341, because its complaint does not expressly seek injunctive or declaratory relief, the assessment was imposed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

before suit was filed, and the governmental entities named as defendants are not responsible for assessing or collecting the tax. We review de novo whether § 1341 prevented the district court from exercising jurisdiction over Plaintiff's suit. Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP, 338 F.3d 442, 444 (5th Cir. 2003).

The Tax Injunction Act states:

The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. This statute reflects "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation." Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 103, 102 S. Ct. 177, 179 (1981). Thus, § 1341 "imposes an equitable duty on federal district courts to refrain from exercising jurisdiction over claims arising from state revenue collection except when the remedies the state provides could prevent a taxpayer from asserting a federal right." McQueen v. Bullock, 907 F.2d 1544, 1547 (5th Cir. 1990) (footnote omitted). This broad jurisdictional barrier applies equally to requests for declaratory and injunctive relief. California v. Grace Brethren Church, 457 U.S. 393, 408-09, 102 S. Ct. 2498, 2507-08 (1982).

We agree with the district court that Plaintiff's suit to invalidate the property tax assessment of the dry dock on federal constitutional and other grounds, for which it seeks a judgment that "[t]he Dry Dock is not subject to taxation in Galveston County, Texas," is in substance a request for declaratory relief barred by the Tax Injunction Act. We also reject as illusory the distinction drawn by Plaintiff between its suit and one that directly attempts to restrain, enjoin, or suspend the assessment or collection of tax. "[F]ederal courts must guard against interpretations of the Tax Injunction Act which might defeat its

purpose and text." Arkansas v. Farm Credit Servs. of Cent. Ark., 520 U.S. 821, 827, 117 S. Ct. 1776, 1780 (1997). Under general tax principles, "an assessment is closely tied to the collection of a tax," in that it serves as "the official recording of liability that triggers levy and collection efforts." Hibbs v. Winn, 542 U.S. 88, 101, 124 S. Ct. 2276, 2285-86 (2004). A declaration that Plaintiff's dry dock is exempt from the assessed tax would necessarily preclude collection of that tax by any arm of the State. Plaintiff's effort to invalidate an assessment prior to its actual collection by other state authorities therefore plainly interferes with the State's ability to collect taxes—precisely what the Tax Injunction Act prohibits.

The cases cited by Plaintiff—Hibbs and Jefferson County v. Acker, 527 U.S. 423, 433, 119 S. Ct. 2069, 2076 (1999)—are inapposite. Hibbs held that the Act does not bar a suit prospectively to enjoin the granting of state tax credits to third parties. 542 U.S. at 95-96, 124 S. Ct. at 2282-83 (affirming the appeals court's ruling that the Act does not prohibit an Establishment Clause challenge in federal court to tax credits granted to third parties who donated money to organizations that provided scholarships for private religious secondary schools). Here, Plaintiff filed suit in a federal forum to avoid paying its own tax bill, not to invalidate tax benefits accorded to third parties. Nor is this a state-initiated tax collection suit in which a defendant taxpayer may properly seek to invalidate the tax, as held in Jefferson County. 527 U.S. 423, 443-45, 119 S. Ct. 2069, 2076-77 (holding a tax-collection suit initiated by the State does not "restrain" state action within the meaning of the Act, and in such a suit the taxpayer may assert defenses to the validity of the tax). To the contrary, both Hibbs and Jefferson County recognize that the Tax Injunction Act squarely bars an anticipatory federal suit such as Plaintiff's to prevent the collection of tax by the State. See Hibbs, 542 U.S. at 106, 124 S. Ct. at 2288 (characterizing a taxpayer's federal suit to avoid paying its own taxes as one that "fall[s] within § 1341's undisputed compass"); Jefferson County, 527 U.S. at 433, 119 S. Ct. at 2076 ("By its terms,

the Act bars anticipatory relief, suits to stop ('enjoin, suspend or restrain') the collection of taxes.").

Finally, Plaintiff does not contend that Texas law fails to provide a "plain, speedy, and efficient remedy" for pressing its federal due process and commerce clause claims, and, notably, this Court has acknowledged that Texas courts provide adequate remedies for claims similar to those asserted here. See McQueen, 907 F.2d at 1547-48 & n.9. In fact, Plaintiff has already brought an identical suit in state court.

Accordingly, the district court did not err in concluding that the Tax Injunction Act precludes federal jurisdiction over Plaintiff's suit.

AFFIRMED.