**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2011

Lyle W. Cayce
Clerk

No. 10-30727
Summary Calendar

DENISE WASHINGTON, individually and on behalf of all others similarly situated,

> Plaintiff - Appellant

v.

NEW ORLEANS CITY; REGINALD ZENO, Director of Finance, Parish of Orleans,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-7523

Before KING, BENAVIDES, and ELROD, Circuit Judges

PER CURIAM:[*]

In *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP* (*Washington I*), we held the Tax Injunction Act, 28 U.S.C. § 1341, prohibited plaintiff Denise Washington from challenging in federal court the constitutionality of a New Orleans city ordinance assessing a 30% collection penalty on delinquent *ad valorem* taxes. 338 F.3d 442 (5th Cir. 2003). After our

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-30727

decision, in separate litigation, the Louisiana Supreme Court held the 30% collection penalty violated the Louisiana constitution. Washington then reasserted her claims in this putative class action, essentially asking the district court (and now us) to reconsider *Washington I* in light of the Louisiana Supreme Court's decision. For the second time, we hold there is no federal jurisdiction over this action.

## I. BACKGROUND

The essential facts of this case are related in *Washington I.* In 1998, defendant New Orleans City (the "City") enacted an ordinance authorizing the collection of delinquent *ad valorem* taxes through private parties and assessing an additional 30% penalty to "defray the costs of collection."[1] 338 F.3d at 443-44. The City contracted with a collection agency[2] and a law firm[3] to collect the delinquent taxes, penalties, and interest. *Id.* at 443. In exchange for their services, the collection agency and the law firm received 30% of the delinquent taxes, penalties, and interest they actually collected. *Id.*

In 2002, plaintiff Denise Washington, along with other putative class representatives, sued the City, the collection agency, and the law firm in federal

---

[1] In relevant part, the ordinance provides:

[A]ll delinquent taxes . . shall incur an additional penalty to defray costs of legal and other services related to the collection of delinquent taxes if the taxing unit has referred the collection of the delinquent taxes, penalty and interest to a private attorney or collection agent. The amount of the additional penalty shall be thirty percent of the amount of taxes, penalties and interest due.

Code City of New Orleans § 150-46.3(b).

[2] United Governmental Services of Louisiana, Inc.

[3] Linebarger, Goggan, Blair, Pena & Sampson, LLP.

2

No. 10-30727

court. *Id.* The lawsuit challenged the constitutionality of the 30% collection penalty. *Id.* The district court dismissed the case for lack of jurisdiction under the Tax Injunction Act, which prohibits a federal district court from enjoining, suspending or restraining the "assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the court of such State." 28 U.S.C. § 1341. Washington appealed, asserting the 30% penalty was a "fee" and not a "tax" within the meaning of § 1341. *Id.* We affirmed, finding that the 30% penalty was "inexorably tied to the tax collection itself," and also that a plain, speedy, and efficient remedy existed in the Louisiana courts. *Id.* at 444-45. We concluded Washington was required to "challenge the New Orleans ordinance in Louisiana courts and, if need be, secure review by the Supreme Court." *Id.* at 445.

On July 1, 2008, in separate litigation, the Louisiana Supreme Court held the City's imposition and collection of the 30% collection penalty violated the Louisiana constitution. *See Fransen v. City of New Orleans*, 988 So. 2d 225, 241-42 (2008) (citing LA. CONST. art. VII, § 25). The court specifically found the Louisiana constitution "prohibits methods or proceedings other than tax sales to collect delinquent *ad valorem* property taxes," and also prohibits "penalties, other than interest, upon delinquent ad valorem property taxes on immovables." *Id.* at 242. The case was remanded to the trial court for further proceedings. *Id.* at 243. Those proceedings are now pending.

On December 4, 2009, Washington filed this putative class action under 42 U.S.C. § 1983 in federal court against the City and Reginald Zeno, the Director of Finance for the Parish of Orleans. The substance of this action is the same as *Washington I*: Washington asserts the 30% collection penalty violated

3

No. 10-30727

various provisions of the United States Constitution.  Washington seeks restitution, compensatory and punitive damages, and attorney's fees and costs. The district court dismissed Washington's claims for lack of jurisdiction pursuant to the Tax Injunction Act and our decision in *Washington I*. Washington appealed.  For the following reasons, we affirm.

## II. STANDARD

We review de novo a district court's determination that it lacks jurisdiction under the Tax Injunction Act.  *Washington I*, 338 F.3d at 444.  When, as here, the district court determined its jurisdiction based on the complaint alone, our review is "limited to determining whether the district court's application of the law is correct."  *Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 734 (5th Cir. 2010).

## III.  DISCUSSION

### A.     Merits

The Tax Injunction Act provides "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Section 1341 reflects "the fundamental principle of comity between federal courts and state governments that is essential to 'Our Federalism,' particularly in the area of state taxation."  *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 103 (1981).  Section 1341 is not "a narrow statute aimed only at injunctive interference with tax collection, but is rather a broad restriction on federal jurisdiction in suits that impede state tax administration."  *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1133 (5th Cir. 1980) (quoting *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir.

4

No. 10-30727

1979)); *see also Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981) (Section 1341 is "a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes."). "[F]ederal courts must guard against interpretations of the Tax Injunction Act which might defeat its purpose and text." *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821, 827 (1997).

In *Washington I*, we held § 1341 prohibited Washington from challenging the City's 30% collection penalty in federal court. 338 F.3d at 444-45. We specifically found that the penalty was "inexorably tied to the tax collection itself," and that Louisiana courts offered a plain, speedy, and efficient remedy for Washington's claims. *Id.* In this action, Washington essentially asks us to revisit these findings in light of the Louisiana Supreme Court's decision in *Fransen*.

As a preliminary matter, *Fransen* confirms our finding that the Louisiana courts offer a plain, speedy, and efficient remedy for Washington's claims. The Louisiana Supreme Court has already invalidated the 30% collection penalty, and Washington has identified no reason why the Louisiana courts would not now award and enforce any restitution or damages to which she may be entitled. Washington asserts her claims will be subject "to the whim and caprice of a municipality loathe to pay its judgment creditors," but it does not appear Washington has even pursued her claims in the Louisiana courts. We decline to presume the Louisiana courts would not adequately protect Washington's federal rights. *See California v. Grace Brethren Church*, 457 U.S. 393, 417 n.37 (1982) (rejecting taxpayers' argument "to the extent that it assumed that the state courts will not protect their constitutional rights"); *cf. Smith v. Travis*

5

No. 10-30727

*Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992) (observing "the taxpayers have not demonstrated that the state courts have refused to entertain their federal claim in their pending state court actions). Indeed, we have repeatedly recognized that Louisiana's payment-under-protest statute[4] provides an effective procedural vehicle to raise federal claims in Louisiana courts. *Washington I*, 388 F.3d at 444-45; *MRT Exploration Co. v. McNamara*, 731 F.2d 260, 263 n.5 (5th Cir. 1984); *United Gas*, 595 F.2d at 324. Absent unusual circumstances not demonstrated here, this is all § 1341 requires. *See Rosewell*, 450 U.S. at 523 (finding state payment-under-protest statute was plain, speedy, and efficient remedy).

Furthermore, that the 30% collection penalty was invalidated by the Louisiana Supreme Court does not affect our finding that the penalty was "inexorably tied" to tax collection. *Washington I*, 338 F.3d at 444. Valid or not, the penalty was an attempt by the City to compel the payment of delinquent *ad valorem* taxes. Because the penalty directly sought to "sustain the essential flow of revenue to the government," it falls within the broad scope of § 1341. *Home Builders Assoc. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1011 (5th Cir. 1998).

Lastly, it is of no import that Washington seeks only retrospective relief (i.e., restitution, damages, fees, and costs) and not an injunction against future enforcement of the 30% collection penalty. *United Gas*, 595 F.2d at 327 (finding § 1341 "precludes actions for refunds even if anticipatory relief is not sought"). Nor does it matter that Washington's claims are asserted under § 1983. *See, e.g.*,

---

[4] *See* La. Rev. Stat. Ann. § 47:2134. In 2009, former La. Rev. Stat. Ann. § 47:2110 was recodified at § 47:2134. The change was "not intended to change the law." La. Rev. Stat. Ann. § 47:2134, comment–2008.

No. 10-30727

*McNary*, 454 U.S. at 116 (holding "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts"); *Moss v. State of Georgia*, 655 F.2d 668, 669 (5th Cir. 1981) (holding § 1341 barred § 1983 action seeking compensatory and punitive damages for allegedly unconstitutional *ad valorem* taxes).[5]  This is because the purpose of § 1341 is to protect the integrity of the state treasury, and a suit for a refund can be as disruptive of state tax administration as a suit for declaratory or injunctive relief.  *Sunnuck*, 629 F.2d at 1133; *United Gas*, 595 F.2d at 327. Washington emphasizes that her claims seek restitution of an invalid penalty and not a tax per se.  This argument simply fails to acknowledge the breadth of § 1341.  Ordering the City to return millions of dollars assessed to facilitate the collection of delinquent taxes plainly would disrupt Louisiana's "fiscal operations" and "state tax administration."  *Sunnuck*, 629 F.2d at 1130, 1133; *see also McQueen v. Bullock*, 907 F.2d 1544, 1547 (5th Cir. 1990).  Section 1341 requires that "such judicial threats should come only from state courts." *Sunnuck*, 629 F.2d at 1133.

In sum, the Louisiana Supreme Court's decision in *Fransen* presents no reason to disturb our decision in *Washington I*.

## B.   Writ of prohibition

Certain documents in the pending state-court *Fransen* action are covered by a protective order.  Washington's counsel, Henry Klein, moved the state trial court to lift the protective order in order to file the protected documents in this action.  The trial court ruled that Klein needed to either proceed by "rule to show

---

[5] *See also Smith*, 968 F.2d at 456; *Sunnuck*, 629 F.2d at 1133; *Bland v. McHann*, 463 F.2d 21, 27 (5th Cir. 1972).

No. 10-30727

cause," or else independently obtain the documents with a federal subpoena. Klein then directed a federal subpoena to the *plaintiffs* in the *Fransen* litigation (who are themselves bound by the protective order and represented by Klein), and filed the protected documents in this action.

The state trial court held Klein in contempt for violating its protective order. The trial court ordered Klein to remove the protected documents from the record in this action, and not to make any further use of the documents outside the *Fransen* action. Klein sought review of the trial court's contempt order in the Louisiana court of appeal. The court of appeal upheld the trial court's finding of contempt, but also held the trial court was without jurisdiction to order documents removed from federal court. The protected documents remain in the record on appeal in this action.

Klein now seeks a writ of prohibition preventing the state trial court from further enforcing its contempt order. We deny the motion. Klein has identified no authority permitting a party to flout a state court protective order simply because documents in a state action might prove useful in a separate federal action. We observe the Federal Rules of Civil Procedure offered Klein ample opportunity to obtain the documents he needed without violating the state court's protective order. *See, e.g.*, FED. R. CIV. P. 34(c), 45 (authorizing third-party subpoenas). Although it appears Klein attempted to use a Rule 45 subpoena, the subpoena was directed not to the third parties that originally possessed the disputed documents, but instead to Klein's own clients who are themselves bound by the protective order. It was for the state trial court to determine whether this strategy violated its protective order and, if so, what sanctions are appropriate.

8

No. 10-30727

## IV.  CONCLUSION

For the reasons stated, the district court's decision dismissing this case is AFFIRMED.  Appellant's motion for writ of prohibition is DENIED.