# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2020

Lyle W. Cayce
Clerk

No. 19-10297
Summary Calendar

Jarrod Hammonds,

*Plaintiff — Appellant*,

*versus*

Dallas County; City of Dallas; Lashon Butler; Liliana Gonzalez; Tina Morales; Molly Seanyear; Pamela Pope Johnson; Edward Lopez, Jr.; David L. Horan; John Doe 1-20,

*Defendants — Appellees.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-1661

Before Smith, Dennis, and Duncan, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Jarrod Hammonds appeals the dismissal of his 42 U.S.C. § 1983 suit, alleging violations of the Fourth and Fourteenth Amendments and several federal statutes, following a sheriff's sale of his property in Duncanville, Texas, to collect delinquent property taxes. The district court dismissed the suit, finding the action barred by the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341. We affirm.

The TIA withholds federal jurisdiction over any suit to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy, and efficient remedy may be had in the courts of such State." *Id.* It applies with full force to taxes "imposed by municipalities." *Home Builder's Ass'n v. City of Madison*, 143 F.3d 1006, 1010 n.6 (5th Cir. 1998). The TIA is "a broad jurisdictional impediment to federal court interference with the administration of state tax systems." *Washington v. Linebarger, Goggan, Blair, Pena & Sampson, LLP*, 338 F.3d 442, 444 (5th Cir. 2003) (quoting *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 326 (5th Cir. 1979)). Accordingly, we have held the TIA is not limited to suits directly challenging "taxes only," but also extends to "the broader activities of assessing, levying, and collecting taxes." *Id.*; *see, e.g.*, *Dawson v. Childs*, 665 F.2d 705, 710 (5th Cir. Unit A 1982) (TIA barred attempt to enjoin state tax lien).

The TIA bars this lawsuit. Hammonds challenges the sale of his property in order to collect delinquent property taxes, penalties, interest, and fees owed to Dallas County and various other local taxing units. This practice is authorized by Texas law as a mechanism for tax collection. *See* Tex. Tax Code Ann. § 33.41; *id.* § 33.53. The sale was part of the "collection of [a] tax under State law." 28 U.S.C. § 1341; *accord Washington*, 338 F.3d at 444 (TIA barred challenge to nonpayment penalty). Moreover, Texas state courts provide "a plain, speedy, and efficient remedy" for Hammonds' complaints. *Id.*; *see McQueen v. Bullock*, 907 F.2d 1544, 1550 (5th Cir. 1990) (noting that "Texas has a vast arsenal to assure orderly adjudication of

serious federal constitutional questions" (cleaned up)); *Dawson*, 665 F.2d at 710 (Texas state courts provided adequate remedy in action to enjoin state tax lien); *Clark v. Andrews Cty. Appraisal Dist.*, 76 F. App'x 525, 526 (5th Cir. 2003) (Fifth and Fourteenth Amendment challenges against county taxing authorities could be adequately adjudicated in Texas state court).

Hammonds argues the TIA does not bar his suit because his property was not subject to taxation under Texas law. This misses the point: the TIA bars us from determining whether a state tax was properly administered if the result may be to "enjoin, suspend or restrain" tax collection. Hammonds also appears to argue that the TIA does not apply because he alleges violations of his civil and constitutional rights. But we have consistently applied the TIA to bar such claims. *See, e.g.*, *McQueen*, 907 F.2d 1544.

Accordingly, the district court did not err in dismissing Hammonds's claims for lack of subject matter jurisdiction. We do not address Hammonds's claim, raised for the first time here, that the district court had jurisdiction over his claims pursuant to an exception to the Anti-Injunction Act, 28 U.S.C. § 2283.

AFFIRMED.