# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2023

Lyle W. Cayce
Clerk

_____

No. 22-30373

_____

Halstead Bead, Incorporated,

              *Plaintiff—Appellant*,

      *versus*

Kevin Richards, *in his official capacity as Louisiana Secretary of Revenue*; Amanda Granier, *in her official capacity as Sales Tax Collector, Lafourche Parish, Louisiana*; Donna Drude, *in her official capacity as Sales and Use Tax Administrator of Tangipahoa Parish, Louisiana*; Jamie Butts, *in her official capacity as Sales Tax Auditor, Washington Parish, Louisiana*; Lafourche Parish Government, *incorrectly referred to as Lafourche Parish*; Tangipahoa Parish, *a Home Rule Chartered Parish*; Washington Parish, *a Home Rule Chartered Parish*,

              *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-2106

_____

Before Higginbotham, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30373

Halstead Bead, Inc. is an Arizona company that sells products online throughout the country. It argues that Louisiana's parish-by-parish sales- and use-tax system is so costly to navigate that it runs afoul of the Dormant Commerce Clause doctrine and Due Process. The company sought declaratory and injunctive relief against the enforcement of the tax system, as well as nominal damages against various state and local governmental defendants. The district court dismissed the matter for lack of jurisdiction, reasoning that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, barred it from hearing Halstead's claims. In the alternative, the district court refrained from exercising jurisdiction on grounds of comity. We AFFIRM on the first ground and do not reach the second.

The TIA is clear: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. "State taxation, for § 1341 purposes, includes local taxation." *Hibbs v. Winn*, 542 U.S. 88, 100 n.1 (2004). The TIA applies to declaratory relief, *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982), and to nominal damages, *A Bonding Co. v. Sunnuck*, 629 F.2d 1127, 1134 (5th Cir. 1980).

The TIA bars federal jurisdiction over Halstead's lawsuit. The first "question before us is whether the relief sought here would 'enjoin, suspend or restrain the assessment, levy or collection of any tax under State law.'" *Direct Mktg. Ass'n v. Brohl*, 575 U.S. 1, 7 (2015) (quoting 28 U.S.C. § 1341). It would. Halstead's requested relief, if granted, would stop the collection of Louisiana sales and use taxes from remote sellers such as Halstead. We thus turn to the second part of the analysis, which is whether Halstead has "a plain, speedy and efficient remedy . . . in the courts of [the] State." 28 U.S.C. § 1341. It does. First, Louisiana law permits a declaratory-judgment action in state court for these types of claims. *See* LA. CODE CIV. PROC. ANN. arts.

1871 & 1872. Second, the state Board of Tax Appeals can hear Halstead's challenge to the constitutionality of the state's tax laws. LA. REV. STAT. §§ 47:1407(3)(a), (7); 47:1431(D)(1). Judicial review of BTA decisions is available. LA. REV. STAT. § 47:1434(A).

Halstead asserts that it lacks an adequate state forum because state tribunals will hear only claims for refunds, which Halstead cannot do because it has not paid any Louisiana sales or use taxes. But Halstead is simply wrong. As explained, Louisiana law permits challenges to Louisiana tax laws to be heard in the BTA and in state court, and Halstead has failed to explain why it would be subject to any payment-under-protest requirement. Nor has Halstead persuasively explained why the refund process is inadequate even if it were applicable. *See Stephens v. Portal Boat Co.*, 781 F.2d 481, 483 n.3 (5th Cir. 1986) ("'The Supreme Court specifically declared the Louisiana refund procedure adequate in *Great Lakes Dredge & Dock Company v. Huffman*, [319 U.S. 293, 301 (1943)].'" (quoting *United Gas Pipe Line Co. v. Whitman*, 595 F.2d 323, 331 (5th Cir. 1979))).

AFFIRMED.